UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        v.

DERRICK NAILOR,

                        Defendant.

**Hon. Hugh B. Scott**

06CR210A

**Order**

Before the Court is defendant's omnibus motion for production of discovery (Docket No. 12[1], Def. Atty. Affirm. ¶¶ 4-11, 17). Also pending (and considered in a separate Report & Recommendation) is defendant's motion to suppress the gun seized in this case (id. Def. Atty. Affirm. ¶¶ 12-16).

## BACKGROUND

Briefly, defendant was indicted on July 13, 2006, in a single count indictment for possession of a firearm by a convicted felon (Docket No. 7). The indictment alleges that defendant, convicted of a felony in Erie County Court in 2000, possessed a .45 caliber semi-automatic pistol and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (id.).

Defendant moves for various forms of discovery, namely disclosure under Federal Rules of Evidence 404(b) and 609, to divulge defendant's prior bad acts the Government intends to

---

[1] In support of this motion, defendant submitted his attorney's affirmation, Docket No. 12. He attempted to file this motion previously, see Docket No. 10, but had ECF filing issues.
    In opposition, the Government submitted its Response to the motion, Docket No. 13, with its motion for reciprocal discovery from defendant.

introduce at trial; disclosure of Government informants; production of the Government agents' notes; disclosure of <u>Brady</u> material; and other relief (Docket No. 12, Def. Atty. Affirm. ¶¶ 4-11, 17).

The Government cross-moves for reciprocal discovery from defendant (Docket No. 13, Gov't Response at 7-8).

**DISCUSSION**

I.   Rule 404(b), 609 Bad Acts Disclosure

Defendant seeks a ruling that the Government cannot use his prior convictions and other bad acts to impeach him (Docket No. 12, Def. Atty. Affirm. ¶ 4). He also seeks disclosure from the Government of the bad acts it intends to introduce at trial (<u>id.</u> ¶ 6). Alternatively, if a hearing is required, defendant seeks to show how prejudicial such evidence would be (<u>id.</u> ¶ 5). The Government, back in September 2006, stated that it was still attempting to obtain such information (Docket No. 13, Gov't Response at 5), and, once disclosed, the admissibility of such information should be determined by the trial court (<u>id.</u>). The Government states that it intends to use defendant's criminal history, including his probation and parole history (<u>id.</u> at 6).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all such material to the defendant at the time of the pretrial conference in this case. This is sufficient in this case. Any hearing on the admissibility of Rule 404(b), Rule 608 or 609 materials is deferred to the trial court.

II.  Government Informants

Defendant next seeks disclosure of the identity of informants (Docket No. 12, Def. Atty. Affirm. ¶ 7).  The Government states that there was no informant involvement in this matter but if the Government intends to use informant testimony it intends to inform defense counsel "right away" (Docket No. 13, Gov't Response at 3).  The Government is not required to furnish the identities of informants unless it is essential to the defense.  Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988).  Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial.  United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990).  The Government's response here is sufficient and defendant's request is **denied**.

III.  Agents' Notes

Defendant seeks an Order that the agents preserve their handwritten notes during the course of this investigation, see United States v. Gullo, 672 F. Supp. 99, 105 (W.D.N.Y. 1987) (Elfvin, J.) (Docket No. 12, Def. Atty. Affirm. ¶ 8).  The Government acknowledged its obligation to preserve such notes (Docket No. 13, Gov't Response at 6-7).

IV.  Brady Materials

Defendant seeks production of Brady/Giglio material, Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, see Giglio v. United States, 405 U.S. 150 (1972).  (Docket No. 12, Def. Atty. Affirm. ¶ 9).

The Government states that it believes that it does not have any exculpatory Brady material, but acknowledges its obligation to produce such material and states its willingness to do so when and if such evidence becomes known (Docket No. 13, Gov't Response at 4).

Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's Due Process Clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act (18 U.S.C. § 3500). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [government's] witness." United States v. Kiszewski, 877 F.2d 210, 215 (2d Cir. 1989).

The motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written response acknowledges its obligation under Brady to produce such information upon the government's acquisition of it (Docket No. 13, Gov't Response at 4).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information. The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair

opportunity to utilize the information at trial) is sufficient in this case. Defendants' motions, therefore, are **granted in part, denied in part**.

## CONCLUSION

Based upon the above, so much of defendant's motion seeking various forms of discovery (Docket No. 12), is **granted in part, denied in part**, as indicated in detail above. The Government's cross-motion for reciprocal discovery (Docket No. 13) is **granted**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 13, 2007